UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ESTHER EARLY,

        Plaintiff,                             Hon. Ellen S. Carmody

v.                                                Case No. 1:15-CV-806

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

## **OPINION**

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. On February 24, 2016, the parties agreed to proceed in this Court for all further proceedings, including an order of final judgment. (ECF No. 13).

Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. For the reasons articulated herein, the Commissioner's decision is **vacated and this matter remanded for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g)**.

**STANDARD OF REVIEW**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984).

As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This

standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff was 56 years of age on her alleged disability onset date. (PageID.200). She successfully completed high school and worked previously as a department manager. (PageID.63). Plaintiff applied for benefits on April 30, 2012, alleging that she had been disabled since November 25, 2010, due to knee replacements, obesity, high blood pressure, and depression. (PageID.200-06, 231). Plaintiff's application was denied, after which time she requested a hearing before an Administrative Law Judge (ALJ). (PageID.106-98). On April 11, 2014, Plaintiff appeared before ALJ Thomas Walters with testimony being offered by Plaintiff and a vocational expert. (PageID.69-93). In a written decision dated May 8, 2014, the ALJ determined that Plaintiff was not disabled. (PageID.54-64). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (PageID.31-33). Plaintiff subsequently initiated this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1]  If the Commissioner can make a

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c),

dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining her residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and she can satisfy her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functioning capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ determined that Plaintiff suffers from: (1) degenerative arthritis bilateral knees status post total knee arthroplasty, and (2) obesity, severe impairments that whether

---

416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors. (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.56-58). As for Plaintiff's residual functional capacity, the ALJ found that Plaintiff retained the ability to perform light work subject to the following limitations: (1) she cannot walk farther than two city blocks, and (2) she cannot work around moving machinery or unprotected heights. (PageID.59).

The ALJ found that Plaintiff cannot perform her past relevant work at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that a significant number of jobs exist in the national economy which Plaintiff could perform, her limitations notwithstanding. *See Richardson*, 735 F.2d at 964. While the ALJ is not required to question a vocational expert on this issue, "a finding supported by substantial evidence that a claimant has the vocational qualifications to perform <u>specific</u> jobs" is needed to meet the burden. *O'Banner v. Sec'y of Health and Human Services*, 587 F.2d 321, 323 (6th Cir. 1978) (emphasis added). This standard requires more than mere intuition or conjecture by the ALJ that the claimant can perform specific jobs in the national economy. *See Richardson*, 735 F.2d at 964. Accordingly, ALJs routinely question vocational experts in an attempt to determine whether there exist a significant number of jobs which a particular claimant can perform, his limitations notwithstanding. Such was the case here, as the ALJ questioned a vocational expert.

The vocational expert testified that there existed approximately 544,000 jobs nationwide which an individual with Plaintiff's RFC could perform, such limitations notwithstanding. (PageID.86-88). This represents a significant number of jobs. *See Born v. Sec'y of Health and Human Services*, 923 F.2d 1168, 1174 (6th Cir. 1990); *Hall v. Bowen*, 837 F.2d 272,

274 (6th Cir. 1988); *Martin v. Commissioner of Social Security*, 170 Fed. Appx. 369, 374 (6th Cir., Mar. 1, 2006).  The vocational expert was further questioned whether his testimony would be effected if Plaintiff were further limited in that she needed a sit/stand option. (PageID.88-89).  The vocational expert responded that this additional limitation would eliminate the aforementioned jobs. (PageID.88-89).  The vocational expert further indicated that there also existed "positions within a sedentary category also," but the vocational expert failed to identify any such jobs or indicate how many such jobs existed. (PageID.88-89).  Accordingly, the ALJ concluded that Plaintiff was not entitled to disability benefits.

I.        **The ALJ's RFC Determination is not Supported by Substantial Evidence**

A claimant's RFC represents the "most [a claimant] can still do despite [the claimant's] limitations." *Sullivan v. Commissioner of Social Security*, 595 Fed. Appx. 502, 505 (6th Cir., Dec. 12, 2014); *see also*, Social Security Ruling 96-8P, 1996 WL 374184 at *1 (Social Security Administration, July 2, 1996) (a claimant's RFC represents her ability to perform "work-related physical and mental activities in a work setting on a regular and continuing basis," defined as "8 hours a day, for 5 days a week, or an equivalent work schedule").  Plaintiff argues that the ALJ's RFC determination suffers in two respects: (1) the ALJ's failure to account in any way for her emotional limitations, and (2) the ALJ's failure to incorporate limitations expressed by her treating physician, Dr. J. Wesley Mesko.

The ALJ afforded "great weight" to the opinion expressed by Dr. Jonathan Shy, a consultant who examined Plaintiff. (PageID.58).  Dr. Shy diagnosed Plaintiff with Persistent Depressive Disorder, with Intermittent Major Depressive Episodes, with Current Episode.

(PageID.397). The doctor also administered to Plaintiff the Beck Depression Inventory-II, the results of which revealed that Plaintiff was experiencing "severe" depression. (PageID.396). The doctor's observations are simply inconsistent with the ALJ's conclusion that Plaintiff does not experience any non-exertional limitations. Moreover, the record contains other evidence that supports Dr. Shy's conclusion that Plaintiff experiences major depression. (PageID.364-89).

Plaintiff has had both of her knees replaced. (PageID.270-76). The ALJ nevertheless concluded that Plaintiff can perform light work, which includes "a good deal of walking or standing," defined as "approximately 6 hours of an 8-hour workday." 20 C.F.R. § 404.1567. The surgeon who performed Plaintiff's knee replacements concluded that Plaintiff requires a sit-stand option. (PageID.360). The ALJ's failure to include this limitation in his RFC assessment is not supported by substantial evidence. In sum, the ALJ's RFC assessment is not supported by substantial evidence. Because the vocational expert's testimony was premised upon a faulty RFC determination, the ALJ's reliance thereon does not constitute substantial evidence. *See Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 150 (6th Cir. 1996) (while the ALJ may rely upon responses to hypothetical questions posed to a vocational expert, such questions must accurately portray the claimant's impairments).

**II.     Remand is Appropriate**

While the Court finds that the ALJ's decision fails to comply with the relevant legal standards, Plaintiff can be awarded benefits only if "all essential factual issues have been resolved" and "the record adequately establishes [her] entitlement to benefits." *Faucher v. Secretary of Health and Human Serv's*, 17 F.3d 171, 176 (6th Cir. 1994); *see also, Brooks v. Commissioner of Social*

*Security*, 531 Fed. Appx. 636, 644 (6th Cir., Aug. 6, 2013).  This latter requirement is satisfied "where the proof of disability is overwhelming or where proof of disability is strong and evidence to the contrary is lacking."  *Faucher*, 17 F.3d at 176; *see also*, *Brooks*, 531 Fed. Appx. at 644.  Evaluation of Plaintiff's claim requires the resolution of certain factual disputes which this Court is neither competent nor authorized to undertake in the first instance.  Moreover, there does not exist compelling evidence that Plaintiff is disabled.  Accordingly, this matter must be remanded for further administrative action.

## CONCLUSION

For the reasons articulated herein, the Court concludes that the ALJ's decision is not supported by substantial evidence.  Accordingly, the Commissioner's decision is **vacated and the matter remanded for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g)**.  A judgment consistent with this opinion will enter.

Date:  March 29, 2017 /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge